Marcie E. Schaap #4660
Marcie E. Schaap, Attorney at Law, P.C.
1042 Ft. Union Blvd. #1106
Midvale, UT 84047
Telephone:     (801) 201-1642
E-mail:   marcie@marcieeschaap.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba PRIMARY CHILDREN'S HOSPITAL, | **COMPLAINT** |
| Plaintiff, | |
| | Case No. 2:23-cv-00114 |
| v. | |
| KAISER PERMAMENTE INSURANCE COMPANY, | Judge: |
| Defendant. | |

Plaintiff, through its undersigned counsel, complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff, IHC HEALTH SERVICES, INC. ("IHC" or "Plaintiff" herein), operates several hospitals in the Intermountain Area, including PRIMARY CHILDREN'S HOSPITAL, (the "Hospital"), in Salt Lake City, Utah.

2.  KAISER PERMANENTE INSURANCE COMPANY ("Kaiser" or "Defendant" herein) is a foreign corporation.

3. Kaiser was the health insurer for M.H at all times relevant herein.

4. M.H. was a beneficiary of the Kaiser Health Plan (the "Plan").

5. G.H., M.H.'s grandfather, on behalf of his minor grandchild M.H., signed an Assignment of Benefits ("AOB") for the claims herein.in favor of the Plaintiff.

6. Therefore, Plaintiff rightfully stands in the shoes of M.H.. as a beneficiary of the Plan and the proper party to bring this suit as per the AOB.

7. The AOB also designates Plaintiff as attorney in fact for purposes of appealing and seeking recovery for this claim.

8. The Plaintiff provided medical services to M.H. from April 27, 2021, to May 20, 2021 ("Dates of Service" herein).

9. This is an action brought by the Plaintiff to collect amounts owed for unpaid medical bills, which the Defendant refuses to pay.

10. This is an action brought under ERISA.  This Court has jurisdiction over this case under 29 U.S.C. §1132(e)(1).  Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(c) because the communications during the administrative appeal process took place between the Plaintiff and the Defendant (or their agents) in the State of Utah, and the breaches of ERISA and the Plan occurred in the State of Utah.  Moreover, based on ERISA's nationwide service of process provision and 28 U.S.C. §1391, jurisdiction and venue are appropriate in the District of Utah.

11. The remedies Plaintiff seeks under the terms of ERISA are for the benefits due under 29 U.S.C. §1132(a)(1)(B), for other appropriate equitable relief under 29 U.S.C. §1132(a)(3), and for interest and attorneys' fees under 29 U.S.C. §1132(g).

## FACTUAL BACKGROUND

### A. Amount Owed

12. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

13. The Billed Charges for M.H.'s treatment were $371,112.56.

14. The Defendant paid $0.00 of the claim.

15. A balance of $371,112.56, plus interest, remains due to the Plaintiff by the Defendant for the services Plaintiff rendered to M.H.

### B. Claims and Claim Processing

16. The Plaintiff's claim was submitted in a timely manner.

17. The Defendant denied the claim, contending that the Plaintiff failed to submit all documentation required.

18. Plaintiff appealed Defendant's denial.

19. Defendant denied Plainitff's appeal, maintaining that the Plaintiff failed to submit all documentation required.

20. On January 23, 2023, Plaintiff's litigation counsel sent another appeal to Defendant.

21. No response was received from the Defendant.

22. The Plaintiff has exhausted its administrative remedies.

23. A copy of all such communication records were sent to the Defendant prior to this litigation being filed.

24. The Defendant has not paid the outstanding balance due to the Plaintiff for the treatment it rendered to M.H.

## FIRST CAUSE OF ACTION
(Recovery of Plan Benefits Under 29 U.S.C. § 1132(a)(1)(B))

25. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

26. The Plaintiff has submitted all proof necessary to the Defendant to support its claim for payment.

27. The Defendant has failed to provide evidence to the Plaintiff to support its basis for denial.

28. The Defendant has not fully reviewed or investigated all information sent to it by the Plaintiff, or available to it, which has caused the Defendant to deny this claim.

29. The Defendant has failed to bear its burden of proof that an exclusion or requirement in the Plan Document supports their denial of the claims for M.H.'s treatment.

30. The Defendant failed to offer the Plaintiff a "full and fair review" as required by ERISA.

31. The Defendant failed to offer the Plaintiff "higher than marketplace quality standards," as required by ERISA. MetLife v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

32. The actions of the Defendant, as outlined above, are a violation of ERISA, a breach of fiduciary duty, and a breach of the terms and provisions of the Plan.

33. The actions of the Defendant has caused damage to the Plaintiff in the form of a denial of ERISA medical benefits.

34. The actions of the Defendant has caused damage to the Plaintiff by denying full payment of medical benefits that should have been covered under the terms of the Plan.

35. The Defendant is responsible to pay the balance of the claim for M.H.'s medical expenses, and to pay Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), plus pre- and post-judgment interest to the date of payment of the unpaid benefits.

### SECOND CAUSE OF ACTION
(Breach of Fiduciary Duties Under 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3))

36. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

37. The Defendant has breached its fiduciary duties under ERISA in the following ways:

    A. The Defendant has failed to discharge its duties with respect to the Plan:

        1. Solely in the interest of the participants and beneficiaries of the Plan and

        2. For the exclusive purpose of:

            a. Providing benefits to participants and their beneficiaries; and

            b. Defraying reasonable expenses of administering the Plan.

        3. With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

        4. By failing to fully investigate the Plaintiff's claims.

        5. By failing to fully respond to the Plaintiff's appeals and requests for information in a timely manner.

6. And in other ways to be determined as additional facts are discovered.

38. The Defendant, in breaching its fiduciary duties under ERISA, has caused damage to the Plaintiff in the form of denied medical benefits.

39. In addition, as a consequence of the Defendant's breach of fiduciary duties, the Plaintiff has been required to obtain legal counsel and file this action.

40. Pursuant to ERISA and to the U.S. Supreme Court's ruling in <u>CIGNA Corp. v. Amara</u>, 131 S. Ct. 1866, 179 L.Ed. 2d 843 (2011), the Plaintiff's "make-whole relief" constitutes "appropriate equitable relief" under Section 1132(a)(3).

41. Therefore, the Plaintiff is entitled to payment of the medical expenses it incurred, as well as an award of interest, attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g).

**THIRD CAUSE OF ACTION**
(Failure to Produce Plan Documents - 29 U.S.C. §§1024(b)(4) and 1132(c)(1))

42. Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

43. The Plaintiff, or its agents, has requested a copy of the Summary Plan Description ("SPD") and Plan Document in writing from the Defendant, or its agents, on the following dates:

   A. October 11, 2022

   B. January 23, 2023.

44. The Defendant has failed or refused to send a copy of the SPD and Plan Document to the Plaintiff to date.

45.     The actions of the Defendant in failing to provide, within thirty (30) days after written requests were made, a copy of relevant Plan documents, as requested on numerous occasions by the Plaintiff, is a violation of the provisions of 29 U.S.C. §1024(b)(4).

46.     The violations of 29 U.S.C. §1024(b)(4) have damaged the Plaintiff by impeding its ability to determine the extent and scope of coverage under the Plan, hindering verification of the degree to which exclusions or limitations on coverage exist, impairing the Plaintiff's ability to pursue administrative appeal of the Plan's denial of payment and hindering the Plaintiff's ability to determine whether the Defendant's denial was meritorious.

47.     In addition, as a consequence of the failure of the Defendant to provide the requested information in a timely manner, the Plaintiff has been required to obtain legal counsel and file this action.

48.     Pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-3, the Plaintiff is entitled to payment of statutory damages of a maximum of $110.00 per day from thirty days after the date the information was requested to the date of the production of the requested documents, as well as an award of attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. § 1132(g). Each new request begins a new and separate calculation.

49.     The maximum statutory damages which have accrued to date for the written requests which Plaintiff has made for the SPD and Plan Document is $8,470.00.   Statutory damages continue to accrue.

        WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      For judgment on Plaintiff's First Cause of Action in favor of the Plaintiff and against the
        Defendant pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount

      of $371,112.56, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

2.   For judgment on Plaintiff's Second Cause of Action in favor of the Plaintiff and against the Defendant pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $371,112.56, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

3.   Upon Plaintiff's Third Cause of Action, in the amount of $110.00 per day from 30 days following the date of each written request for plan documents, to the date of production of the requested documents against the Defendant, attorney's fees and costs incurred pursuant to 29 U.S.C. §1132(g), and post-judgment interest incurred to date of payment of the judgment.

4.   For such other equitable relief under 29 U.S.C. §1132(a)(3) as the Court deems appropriate.

DATED this 15th day of February, 2023.

                                  **MARCIE E. SCHAAP, ATTORNEY AT LAW, P.C.**

                                  By:    /s/ Marcie E. Schaap
                                           Attorney for Plaintiff